JESUS F. PEREZ *vs.* COLUMBIA GRANITE COMPANY *et al.*

DECEMBER 17, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This case is before us upon the respondent's appeal from a decree of the superior court granting an original petition for workmen's compensation based on the petitioner's disablement from silicosis.

The evidence discloses, among other things, that the petitioner had followed the trade of stonecutting since 1914; that he worked as a stonecutter for the respondent Joseph Coduri Granite Company, hereinafter called Coduri, during three separate periods, as follows: From August 21, 1942 to May 29, 1943; from June 16, 1944 to November 24, 1944; and from May 24, 1946 to December 24, 1946. His separation from employment on each of these occasions apparently was voluntary and not brought about by any known illness or accidental injury.

What, if any, work he performed between those periods of employment is not clear. It appears, however, that from December 24, 1946, the date of his last employment by Coduri, he did not work until July 1947 when he was employed as a stonecutter by the other respondent Columbia Granite Company, hereinafter called Columbia. He continued in that employment until August 29, 1947, when he became ill and was unable to resume work. After certain examinations by doctors and the taking of X rays at a hospital, he was found to be disabled from silicosis, which disablement was total according to his own doctor.

A notice of his claim for compensation was mailed to each respondent and later this petition was brought against them under the workmen's compensation act. At the hearing in the superior court, however, because of the provisions of the statute hereinafter quoted, Columbia was dropped as a party and the hearing continued against the single respondent Coduri. Thereupon, in accordance with the trial justice's rescript, a decree was entered containing the following findings of fact: "1. That the petitioner is presently suffering from Silicosis which totally incapaci-

tates him from performing any work in any remunerative employment. 2. That the petitioner was last injuriously exposed to the hazard of Silicosis for more than 60 days while working for the respondent, Joseph Coduri Granite Company. 3. That notice of disablement from Silicosis was given to said respondent, Joseph Coduri Granite Company, within 90 days after such disablement. 4. That said petitioner was totally disabled due to uncomplicated Silicosis from August 29, 1947 to the present time, for which petitioner is entitled to compensation at the rate of $20.00 a week."

From that decree Coduri has prosecuted its appeal to this court. It concedes that there is legal evidence to support findings 1, 3, and 4 and that such findings are conclusive under the act; but it contends that finding 2 is not supported by any legal evidence and therefore amounts to an error of law which is reviewable on appeal.

Coduri argues that the petitioner had the burden of showing that his employment had injuriously exposed him on each of sixty days or more to a concentration of silica dust that would amount to the hazard of silicosis, as required by general laws 1938, chapter 300, as amended by public laws 1942, chap. 1245, article VIII-A, secs. 2, 4 (b); that he proved mere employment as a stonecutter with Coduri for a period of over sixty days without showing either the conditions under which he usually worked or that disablement resulted from such employment; and that all the evidence shows that he was not disabled by reason of silicosis at any time while he worked for Coduri but that such disablement actually happened during his employment by Columbia.

The petitioner contends, on the other hand, that proof of disablement from silicosis constitutes an injury by accident arising out of and in the course of employment for all purposes by virtue of the express provisions of the act; secondly, that this court may and should take judicial notice that the working conditions surrounding a stonecutter in

506

granite necessarily amount to injurious exposure as required by art. VIII-A, sec. 4 (b); and, finally, that in any event there is evidence to support finding 2 of the decree.

The case apparently is of first impression here. The parties have presented no case in this state, or from any jurisdiction having a similar act, which would be helpful. Therefore we must decide the case on the basis of our interpretation of the requirements of the statute and its application to the particular facts in evidence.

The petition was brought under P. L. 1942, chap. 1245, art. VIII-A, of the workmen's compensation act, the pertinent provisions of which are as follows:

"Section 1. * * * (a) The word 'disability' means the state of an employee's being actually incapacitated, because of silicosis or asbestosis, from performing any work in any remunerative employment. * * *

(c) The term 'silicosis' means the characteristic fibrotic condition of the lungs caused by the inhalation of silica dust * * *.

Sec. 2. The disablement or death of an employee, in an occupation specified in the following schedule, resulting from either of the diseases therein designated shall be treated as the happening of a personal injury by accident within the meaning of this chapter, and the procedure and practice provided in this chapter shall apply to all proceedings under this article, except where specifically otherwise provided herein:

1. Silicosis in occupations characterized by the presence of particles of silica dust of respirable size in the atmosphere in such concentration as to make said disease a hazard peculiar to and characteristic of the employment. * * *

Sec. 4. * * * (b) The employer liable for the compensation provided in this article and against whom claim is to be made shall be the employer in whose employment the employee was last injuriously exposed on each of at least 60 days or more to the hazard of silicosis or asbestosis, and the insurance carrier liable, if any, shall be the insurance carrier on the risk when such employee was last so exposed under such employer. Such employer and insurance carrier, if any, shall alone

be liable under this article and there shall be no right to contribution from earlier employers or insurance carriers. Notice of disablement from silicosis or asbestosis, to be given within 90 days after such disablement and also in case of death from such disease within 90 days after death, shall be given to such employer."

Prior to the adoption, on October 1, 1942, of this article of the statute, recovery of compensation for disability from silicosis was not possible unless the petitioner proved, as in any ordinary proceeding under the act, a personal injury by accident arising out of and in the course of employment. Evidently the legislature recognized that injury from silicosis was of gradual development in the nature of an occupational disease, and that it presented practical difficulties in establishing the happening of an accident at a particular time and a disabling injury therefrom arising out of and in the course of employment by a specific employer. Apparently, in order to avoid the unfortunate results and injustice that would follow in many such cases, art. VIII-A was enacted and provides, in sec. 2, that disablement from silicosis "shall be treated as the happening of a personal injury by accident within the meaning of this chapter * * *."

The legislature, however, was not content to rest upon that provision, which would seem to have established liability against an employer for whom the employee was working at the time of actual disablement. Conceivably an employee might work for an employer only one day when the accumulating effects of previous exposure to silica dust during many years of employment by different employers would finally have brought about his actual disablement. In order to prevent extreme hardship to an employer and employee in such a case and to remove from speculation the question of liability as between several employers, the legislature added the express provisions of sec. 4 (b). Thereby liability for compensation was not placed necessarily upon the employer at the time of the employee's disablement, but was fixed upon "the employer

in whose employment the employee was last *injuriously* exposed on each of at least 60 days or more to the hazard of silicosis * * *." (italics ours)   This was a departure from the method of fixing liability in an ordinary case under the act.

In the instant case the petitioner had worked for Columbia only seven weeks when he was found to have been totally disabled from silicosis.   He therefore could not hold Columbia liable under the workmen's compensation act because of the provisions of art. VIII-A, sec. 4 (b), which required proof of an injurious exposure for at least sixty days.   But by virtue of such provisions he could fix liability upon the respondent Coduri if he could prove that he had been injuriously exposed to the hazard of silicosis, as provided in that section, for sixty days during his employment by Coduri.

The petitioner first claims that mere proof of his disablement from silicosis was sufficient for all purposes under the act to establish liability against Coduri. We do not agree with this contention. The statute, by sec. 2, expressly sets forth the effect to be given to such disablement. Other provisions of the act are not thereby eliminated unless so provided. Petitioner nevertheless overlooks or gives no effect to the further requirement of sec. 4 (b) whereby liability may be established against an employer for whom an employee was not working at the time of actual disablement.   These provisions are expressed clearly and cannot be ignored. They can and should be given reasonable effect in keeping with the purposes of the article and act.   In our opinion they require some evidence of the nature and conditions of petitioner's employment to support an inference that he was *injuriously* exposed to the hazard of silicosis for a period of sixty days while working for Coduri.

The petitioner next contends that the court should take judicial notice of the nature and conditions of his employment as a stonecutter in granite, and that he must have been injuriously exposed to the hazard of silicosis, as provided

by the act, during his employment by Coduri. We do not agree with this contention. The conditions under which a particular stonecutter may be required to perform his usual work may vary with different employers. The legislature apparently recognized this possibility and therefore required proof of injurious exposure to the hazard of silicosis as distinguished from mere employment or harmless exposure. This is understandable when you consider that the act was providing an arbitrary formula for fixing liability upon one of several employers for whom the employee may not have been working at the time of his disablement. Without such provision an employer could be held responsible upon mere proof of employment for sixty days regardless of the fact that the conditions under which the employee worked might not have exposed him to any hazard whatever of injury from silicosis.

Our construction of this section of the act is that it was intended to require some evidence of the nature of the employment and the general conditions under which the employee, for a period of at least sixty days, was required to perform his work. In the instant case there was no evidence of the conditions under which petitioner worked for Coduri to support an inference that he had been required to breathe in silica dust so as to be injuriously exposed to the hazard of silicosis as required by sec. 4 (b).

The petitioner finally contends that there is evidence from himself and his doctor to support finding 2 in this regard. We do not find any evidence of the nature of petitioner's work or the conditions under which he was required to perform it. For all that appears, he may have performed special work at a place and under conditions that reasonably could not be said to have subjected him to the hazard of injury from silicosis. Even if it be possible to infer that he was employed by Coduri as a stonecutter working on granite, as petitioner contends, there certainly is no evidence whatever of the general conditions under which he usually performed such work or that for a period of at

least sixty days or more during his employment by Coduri he had been required to breathe in silica dust so as to be injuriously exposed to the hazard of silicosis, as required by the act.

On the other hand, the petitioner was found to be totally disabled from silicosis, and there is evidence to support such finding. Moreover, the evidence involved no employer other than Coduri. We find lacking only some legal evidence to satisfy substantially the requirements of the statute with reference to his injurious exposure to silica dust so as to fix liability upon Coduri, for whom petitioner was not working at the time of his disablement. In the circumstances and in view of the fact that this is a case of first impression, we are of the opinion that justice requires that the petitioner be given an opportunity to present such evidence, if he can, before the same trial justice to the end that a new decree may be entered including such finding as he may make on all the evidence on the issue whether petitioner, during his employment with Coduri, was injuriously exposed to the hazard of silicosis as provided by the act.

The respondent's appeal is sustained in part, the decree appealed from is reversed in part, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Cappuccio & Cappuccio, Frank S. Cappuccio, Louis B. Cappuccio,* for petitioner.

*Worrell & Hodge, Paul H. Hodge,* for respondent Joseph Coduri Granite Company.