Frank P. TAVARES

v.

A.C. & S. INC.

No. 82–529—Appeal.

Supreme Court of Rhode Island.

July 20, 1983.

James McKenna, Taft, McSally & McKenna, Providence, Robert T. Naumes and Michael D. Tracey (Malone & Hunt), Boston, Mass., for petitioner.

Bruce G. Tucker and William M. Heffernan, Providence (Roberts, Carroll, Feldstein & Tucker), for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is an employee's original petition for compensation under the Workers' Compensation Act alleging that the employee was disabled as a result of pulmonary asbestosis. The trial commissioner denied and dismissed the petition. The full Workers' Compensation Commission (the commission) reversed the decree of the trial commissioner and granted the employee's petition. This case is before us on appeal by the employer from the decree of the commission granting the employee's petition.

The pertinent facts are not in dispute. The testimony reveals that the employee commenced employment as an insulation worker and pipe coverer in 1953 and was exposed to asbestos-containing materials. The employee worked for numerous employers from that time until January 1978, when he retired because of disability. During this time, his employment involved working with and exposure to asbestos materials. The employee was employed by the employer for approximately one year until January 1978. It was during this period of employment that the employee began to experience increased breathing difficulties and fainting spells. In January 1978 he came under the care of his family physician, Dr. J. Kirkaldy, who referred him to Dr. William Sheehan.

At the hearing, Dr. Sheehan, the treating physician, testified through deposition that after performing a preliminary examination, laboratory testing, and hospitalization for a transbronchoscopic biopsy, he was of the opinion that the employee was suffering from pulmonary asbestosis. Furthermore, Dr. Sheehan testified that "the dust that he is breathing in at the point in time which he is already symptomatic is probably not going to otherwise become manifest for many years thereafter other than as a non-specific irritant."

In addition, Dr. Elliot Sagall of Boston, Massachusetts, a cardiovascular specialist, testified that he examined the employee on

April 2, 1979. Following the examination and relying upon the history of asbestos exposure, he expressed the opinion that the employee was suffering from pulmonary asbestosis.

The trial commissioner found that the employee failed to produce evidence that he had sustained or contracted the disease as a result of his last employment.

However, the commission reversed the decision of the trial commissioner upon finding that there was sufficient evidence to establish that the employee was exposed to asbestos while employed by the last employer and that the employee sustained, from a history of exposure to asbestos, the occupational disease of pulmonary asbestosis that manifested itself while in the employ of the last employer. The commission determined that "the employee is not required to prove that the occupational disease causing his disability was actually contracted while working for his last employer."

The employer contends that the commission erred in failing to require the employee to establish that his final exposure to the asbestos contributed to the disability that had manifested itself during his last employment. We disagree.

The Legislature enacted G.L.1956 (1979 Reenactment) Chapter 34 of title 28 in order to protect the worker who was exposed to conditions that resulted in disability because of an occupational disease. Evidently the Legislature recognized that an occupational disease is set apart from accidental injuries in that it is not unexpected—because it is incident to a particular employment—and it is gradual in development. *See Morgan v. Stillman White Foundry Co.,* 87 R.I. 408, 414, 142 A.2d 536, 538–39 (1958); *Perez v. Columbia Granite Co.,* 74 R.I. 503, 507, 62 A.2d 658, 660 (1948); *see also* 1B Larson, *The Law of Workmen's Compensation* § 41.31, at 7–357 to –358 (1982).

Section 28–34–1(c) defines the term "occupational disease" as "a disease which is due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation, process or employment." Disability arising from silicosis or asbestosis is listed in § 28–34–2(32), as amended by P.L.1982, ch. 32, art. 1, § 8, as a compensable occupational disease and is therefore treated as a personal injury. Moreover, § 28–34–3, as amended by P.L.1982, ch. 32, art. 1, § 8, and § 28–34–4, as amended by P.L.1979, ch. 151, § 1, provide that a disabled employee is entitled to compensation if the occupational disease is due to the nature of the employment and was contracted within that employment. Furthermore, when a worker has contracted an occupational disease from being exposed to a harmful substance over a period of years and in the course of successive employment, § 28–34–8 specifies that the employer who last exposed the worker to the harmful substance is liable to pay the entire compensation. *See also Esmond Mills, Inc. v. American Woolen Co.,* 76 R.I. 214, 219, 68 A.2d 920, 923 (1949).

An occupational disease, unlike an accidental-injury disability, is commonly characterized by a long history of injurious exposure without actual disability. Because the date of actual contraction is difficult or not susceptible of positive determination, most state statutes specify that the date of disability is controlling, rather than the actual time of contraction, for fixing the rights and liabilities of the employee and employer. *See* 4 Larson, *The Law of Workmen's Compensation* § 95.21, at 17–79 to –82 (1983). We therefore are of the opinion that in cases of this type involving disability because of occupational dieases incurred while working for multiple employers, "the last employer is liable either if (a) the employee's work with the last employer caused an aggravation of the prior condition or (b) the last employment (no matter how brief) was of the same nature and type in which the disease was first contracted, regardless of whether the last employment aggravated the prior condition." *Hudson v. Jackson Plating Co.,* 105 Mich.App. 572, 578, 307 N.W.2d 96, 98 (1981).

As a general rule, an employee's injury is compensable if the particular facts and circumstances presented establish a "nexus" or a "causal relationship" between the injury and the employment. *Bottomley v. Kaiser Aluminum & Chemical Corp.,* R.I., 441 A.2d 553, 554 (1982); *Knowlton v. Porter Trucking Co.,* 117 R.I. 28, 30, 362 A.2d 131, 133 (1976). Under these circumstances, the proof required is that the employee must submit evidence of the nature and conditions of his employment and that these conditions be of a nature that is likely to cause the disease.[1] *Perez v. Columbia Granite Co.,* 74 R.I. at 508, 62 A.2d at 661; see *Osteen v. A.C. & S., Inc.,* 209 Neb. 282, 290, 307 N.W.2d 514, 520 (1981).

Because we have determined that the commission applied the proper rule, we must examine the record to decide if there is any legal evidence to support the commission's findings; in doing so we will not pass upon the weight of the evidence. *See Knowlton v. Porter Trucking Co.,* 117 R.I. at 31–32, 362 A.2d at 134; *Almeida v. United States Rubber Co.,* 82 R.I. 264, 271–72, 107 A.2d 330, 334 (1954).

After examining the record, it is our opinion that the employee has met his burden. The facts are not in dispute. The evidence sufficiently establishes that the employee was exposed to asbestos dust for a period of time for successive employers. Moreover, the evidence indicates that he worked for his last employer for over a year and that during this time he was exposed to asbestos. The medical testimony was uncontradicted and confirmed the fact that the employee's disability resulted from a history of exposure to asbestos and that the disease manifested itself during the employee's employment with his last employer.

It appears to us that the commission did not apply the wrong standard in stating that the employee does not have to prove that he contracted the disease at the last place of employment. The employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

---

1. It is not disputed that the disease may have been contracted prior to its becoming manifest