Maria C. Tromba *vs.* Harwood Manufacturing Co.

JANUARY 24, 1962.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

Roberts, J.   This is an employee's original petition for compensation under the workmen's compensation act.   The case was heard by a single commissioner, who thereafter found that the petitioner on January 21, 1960 had sustained injuries to her head and back arising out of and in the course of her employment with the respondent.   He further found that she had been incapacitated by such injuries from that date until June 13, 1960, at which time her earning capacity had fully returned.   The trial commissioner entered a decree setting out these findings and ordering the respondent to pay to the petitioner compensation for total incapacity from the date of the injury to June 13, 1960.   The respondent appealed therefrom and from a decree of the full commission reversing the decision of the single commissioner the petitioner has appealed to this court.

It is not disputed that petitioner was in the employ of respondent on January 21, 1960, but there is, however, a conflict in the evidence relating to the place at which she fell. According to her testimony, she had been driven from her home to respondent's plant that morning, arriving shortly before eight o'clock. She alighted from the automobile and proceeded to cross the sidewalk toward the doorway through which she usually entered the building. It was snowing lightly, and the sidewalk was icy. According to her testimony, she had just reached the doorway and had grasped the doorknob in her hand and started to push the door open when she slipped, lost her grip on the knob, and fell to the sidewalk.

Her testimony was contradicted by that of an adjuster employed by the insurance carrier in this case. He had interviewed petitioner in the presence of her daughter a short time after the fall. He testified that petitioner had told him that after alighting from the automobile she had taken two steps across the sidewalk when she slipped and fell. He testified specifically that she did not tell him that at the time she fell she had reached the door and was grasping the knob thereof.

Upon a consideration of the evidence thus adduced, the commission concluded that petitioner did not fall while upon the premises of the employer. This finding was in part stated: "At no time before she fell was the petitioner physically upon the premises of the respondent * * *." It is well settled that pursuant to the terms of the statute this court is bound by the findings of the commission where they are supported by any legal evidence in the absence of fraud. *DeConti* v. *A. D. Juilliard & Co.,* 85 R. I. 424, 427.

In view of the conclusiveness upon this court of the commission's finding, the precise issue presented to us for decision relates to the compensability of an employee's incapacity resulting from an injury sustained by such employee while traveling on a public way in order to reach his place

of employment. The petitioner and respondent have each directed our attention to numerous cases in support of their respective contentions on this issue. These cases serve best, perhaps, to emphasize the existence of widely divergent views as to the compensability of incapacity resulting from injuries so sustained.

The view that appears to be supported by the weight of authority is that generally such incapacity is not compensable. Typical of statements expressing this view is that set out in *Katz* v. *Katz*, 137 Conn. 134. The Connecticut court said therein at page 138: "It is not disputed that the general principle is well established in this state that employees whose area of employment is within defined limits are not regarded as in the course of their employment while going to and returning from work upon the public highways and that the risks incidental to travel on such highways ordinarily do not arise out of their employment. * * * There are, however, well-recognized exceptions to this rule."

There is no unanimity of opinion as to what constitutes the exceptions to which the Connecticut court refers. In *Dinsmore's Case*, 143 Me. 344, the supreme court of Maine, in commenting upon the conflicting views concerning the compensability of injuries so sustained, concluded that there was but one general rule that could be formulated from the decisions, namely, "that each case of this nature must be dealt with and decided on its own facts and circumstances." There has been a widespread acceptance of this policy of considering these cases each on its own merits. For example, petitioner has directed our attention to *Cohn* v. *Morningstar Nicol, Inc.*, 265 App. Div. (N.Y.) 579, wherein a divided court held that an employee who, being on her way to work along a public highway, had reached the foot of a stairway customarily used to enter the employer's plant, was poised to mount the first step in that stairway, slipped on an icy walk and was injured did sustain such injury in the course of her employment. However, in that same jurisdiction in

*Funarie* v. *Mohawk Club,* 257 App. Div. (N.Y.) 887, and in *Amento* v. *Bond Stores, Inc.,* 274 App. Div. (N.Y.) 863, it was held that injuries sustained by employees who while on their way to work slipped on public sidewalks were not sustained in the course of their employment and therefore were not compensable. In *Cohn* v. *Morningstar Nicol, Inc., supra,* it is apparent that the majority concluded that the use of the stairway in question for entrance to the employer's premises was an incident of the employment contract and thus made the injured employee's use thereof performance of her duties.

Our statute in explicit terms makes compensable only injuries "arising out of and in the course of his employment, connected therewith and referable thereto * * *." G. L. 1956, §28-33-1. This court has also expressed its conviction that one of the primary objectives of the compensation act is "to require industry, in the first instance at least, to take care of casualties occurring therein and thus save the general public from being compelled to bear a more or less substantial portion of this burden out of the public revenues." *Carpenter* v. *Globe Indemnity Co.,* 65 R. I. 194, 205.

It seems clear then that the right to be compensated for incapacity resulting from an injury accrues to the injured employee upon the establishment of a nexus between the injury and his employment. It would then be inappropriate to determine his right to compensation solely on the place at which the injury was sustained, whether such was off or on the premises of the employer. The immateriality of the place where the injury occurred on the question of compensability appears to be recognized by the Indiana courts, which take the view that compensability for injuries occurring away from the premises of the employer is determined upon whether the employee had duties to perform off the job site. *Markley* v. *Richmond Glove Corp.,* 129 Ind. App. 325.

The concept that compensability for incapacity resulting from an injury sustained away from the work site depends upon the establishment of a nexus between the employment and the injury is fully developed in *Brousseau* v. *Blackstone Mills, Inc.,* 100 N. H. 493. In that case the injured employee had been walking along a public sidewalk in order to reach the place of her employment. She had arrived at a point about two hundred feet away from the entrance by which she customarily entered the plant when she slipped on an icy patch and fell to the walk. On the issue of whether this was a compensable incapacity arising out of an injury sustained in the course of her employment, the court applied the test of whether her act at the time of the injury was linked to her employment.

The court therein accepted the view that the employment status may exist before actual work begins and may continue after work has ceased. It further conceded that the fact that an employee is traveling along a public way when injured does not necessarily preclude coverage under the act. Concerning this Chief Justice Kenison, speaking with characteristic clarity on behalf of the court, said that the compensation law "is not intended to protect the employee from all of the perils of the journey from home to factory and return. The employee can expect a liberal interpretation of when the employment begins or ends * * * the permissible area over which his employment status will continue * * * and the range of activity that is permissible within the employment contract." The court made it clear, however, that the employee in that case was not entitled to coverage under the act for an injury that resulted from a fall on an icy sidewalk for which her employer was in no way responsible.

The principles that were invoked by the New Hampshire court in the *Brousseau* case have been given recognition by this court in *Grassel* v. *Garde Mfg. Co.,* 90 R. I. 1, 153 A.2d 527. The incapacity of an employee flowing from an injury

sustained in a fall within the employer's premises was held to be not compensable because of her failure to establish a causal connection between the fall and her employment. In *DiLibero* v. *Middlesex Construction Co.*, 63 R. I. 509, this court accepted the proposition that incapacity resulting from injuries sustained either before work began or after it ended could be compensable, although in that case also the employee was injured in a fall that occurred in an area within the employer's control.

We are of the opinion then that under the pertinent provisions of §28-33-1 of the compensation act the incapacity of an employee, to be compensable, must result from an injury sustained in the performance of duties arising out of the nature of the employment or the conditions under which it is required to be performed or by reason of doing something that is an incident of the contract of employment. We are of the further opinion that compensability of incapacity in this respect is not controlled by the place at which the injury occurred. That an employee is incapacitated by reason of an injury sustained while going to work on a public highway does not necessarily preclude a finding that such incapacity is compensable.

The commission here found, in substance, that the petitioner's incapacity was not compensable because she had failed to prove by a fair preponderance of the evidence that it arose out of or in the course of her employment. We are persuaded that in the state of the record here this conclusion of the commission is supported by competent evidence. It is well settled that this court, when reviewing a decision of the commission, will not weigh the evidence and will sustain such decision if there is in the record any competent evidence supporting the same. In the situation here the petitioner's incapacity was properly held incompensable not because the injury from which such incapacity resulted was sustained by reason of a fall on a public way but be-

cause she had failed to prove to the commission that the fall bore some relationship to her employment.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Hector D. Laudati, Joseph G. Miller,* for petitioner.

*Francis V. Reynolds, Richard P. McMahon,* for respondent.