Rita M. Peters *vs.* Bristol Manufacturing Corporation.

APRIL 17, 1962.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. This is an original petition for workmen's compensation. The cause is here on the employee's appeal from a decree of the workmen's compensation commission affirming a decree of the trial commissioner which denied and dismissed the petition on the ground that the employee's injury did not arise out of and in the course of her employment.

The facts are undisputed. The petitioner is employed in respondent's plant on Buttonwood avenue in the town of Bristol. She travels to and from her place of employment by automobile. The respondent maintains a parking lot on Buttonwood avenue across from its plant with an attendant

who directs the plant's employees where to park. On February 11, 1961 at the conclusion of her work petitioner left the plant intending to cross Buttonwood avenue to the parking lot. While walking on the sidewalk immediately adjacent to the plant and only ten feet away from the main gate she slipped on some ice and suffered a linear fracture of the tibia which incapacitated her until April 10, 1961.

The petitioner's appeal raises the question whether in such circumstances the injury arose out of and in the course of her employment. The respondent argues that it did not, because it happened on the public highway and was not causally connected with the employment. The petitioner contends that where the injury happened is not controlling if what she was doing at the time thereof was an incident of her employment. She claims that it was, since the parking lot to which she was going was operated by respondent to facilitate the coming and going of its employees to and from their work.

The general rule is that an injury on the public highway while an employee is going to or coming from the employer's premises does not arise out of and in the course of the employee's employment. However, the rule is now subject to so many exceptions that it cannot be safely invoked in every instance. The more practicable rule is that each case should be decided on the basis of its own facts and circumstances. *Canoy* v. *State Compensation Comm'n*, 113 W. Va. 914. In the consideration of each case in the light of this rule it has been observed that there is a modern tendency toward liberality on finding injuries arising from some "street risks" compensable. *Kuharski* v. *Bristol Brass Corp.*, 132 Conn. 563; Note, 51 A.L.R. 514.

In line with this view we have recently held that the happening of an injury on a public highway while the employee was going to work did not of itself preclude a finding of compensability. *Tromba* v. *Harwood Mfg. Co.*, 94 R. I.

3, 7; 177 A.2d 186, 188. The right to compensation depended, we said, "upon the establishment of a nexus between the injury and his employment," and we pointed out that it would be inappropriate to determine the right "solely on the place at which the injury was sustained, whether such was off or on the premises of the employer."

Therefore the fact that petitioner's injury in the case at bar happened on the public highway is not controlling on the question whether it arose out of and in the course of her employment. The decisive question is whether what she was doing at that time was an incident of such employment. In other words was there a nexus between her going to the parking lot and her employment.

In view of the liberal tendency to take some street risks out of the general rule petitioner is not without some pretext for her contention that there was such a nexus here, although the facts in none of the cases which she cites were precisely like those here. However, notwithstanding our disposition to be liberal in a case of this kind we are constrained to hold that she has failed to establish a causal connection between her falling on ice on the sidewalk and her employment.

Unlike the injured employee in *Kuharski* v. *Bristol Brass Corp.*, *supra,* she was not engaging in any activity even remotely connected with her employment when she slipped on the icy sidewalk. Rather her situation was identical with that of the petitioner in *Tromba* v. *Harwood Mfg. Co.*, *supra.* She also fell on the public sidewalk adjacent to her employer's premises which she was about to enter on her way to work. In that case we refused to disturb a decree of the commission which held there was no causal connection between her fall and her employment.

Similarly in the instant case we must refuse to disturb the commission's decree since the petitioner fell on the sidewalk as she was proceeding to her employer's premises,

namely, the parking lot. We do not subscribe to the view urged by the petitioner on the authority of 1 Larson, Workmen's Compensation Law, §15.14, p. 200, that "an injury in a public street between the plant and the parking lot is in the course of employment, being on a necessary route between the two portions of the premises." Without more to indicate some activity connected with the employment when the injury occurred we think the statement is too broad. In our opinion the commission did not err in declining to follow it.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson & Stanzler, Richard A. Skolnik,* for petitioner.

*Vincent J. Chisholm,* for respondent.