362 A.2d 131.

EDWARD KNOWLTON *vs.* PORTER TRUCKING CO., INC.

AUGUST 6, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin and Kelleher, JJ.

BEVILACQUA, C. J. This is an original petition for compensation under the Workmen's Compensation Act. It is before us on the employee's appeal from a decree of the full commission affirming the decree of the trial commissioner which denied and dismissed the petition on the ground that the petitioner had failed to prove by a fair preponderance of the evidence that the injuries he sustained arose out of and in the course of his employment with respondent, connected therewith and referable thereto as required by law. General Laws 1956 (1968 Reenactment) §28-33-1.

The facts are not in dispute. The petitioner, a mechanic, was employed by respondent to repair damaged motor vehicles. At certain times, it was necessary that petitioner go out on the road to make such repairs. The petitioner testified that on Friday, February 23, 1973, he punched out at his usual time of 4 p.m. However, he remained on the premises until approximately 7 p.m. when he became involved in an altercation with a fellow employee with whom he had been arguing during the day. The argument apparently developed over the fact that petitioner contended that the fellow employee had purposely returned to the garage with the wrong part "just so he [could] go back out again." As a result of the altercation, petitioner was pushed to the ground and injured his right leg.

The petitioner stated that on the day in question he and this fellow employee sat around for several hours after the termination of work and consumed several beers prior to the incident which caused the injury.

The petitioner also testified that he was available to go out on a road call in the event that he was requested to attend to the breakdown of a motor vehicle. Apparently, petitioner had done this in the past by punching in when he went out on a road call and punching out when he returned. When questioned about his reason for being at the employer's premises on this particular occasion after his workday had terminated, petitioner stated that there was no reason, "[I was] just there, that's all."

In cases where the employee sustains an injury either while going to or coming from his place of work or while on his employer's premises before the commencement or after completion of his day's work the rule has evolved that the particular facts and circumstances are to be examined to ascertain whether or not they establish a "nexus" or a "causal relationship" between the injury and the employment. *Lima* v. *William H. Haskell Mfg. Co.*, 100 R. I. 312, 215 A.2d 229 (1965); *Peters* v. *Bristol Mfg. Corp.*, 94 R. I. 255, 179 A.2d 853 (1962). This examination of the circumstances is conducted to avoid the often harsh results which occur from a strict application of the "going-and-coming" rule. *Lima* v. *William H. Haskell Mfg. Co.*, *supra*.

To determine whether or not a "nexus" or "causal relationship" exists we merely apply the standards first discussed in *Di Libero* v. *Middlesex Constr. Co.*, 63 R. I. 509, 9 A.2d 848 (1939), for establishing whether or not the injury arose out of and in the course of the employment. If the injury results from a risk involved in the employment or incident thereto or to the conditions under which it is required to be performed then it is said to "arise out of" the employment. If the injury occurs within the period of employment at a place where the employee may reasonably be while he is fulfilling the duties of employment then it is said to be "in the course of" the employment.

Both of these requirements must be met by the claimant as a condition to recovery. *Di Libero* v. *Middlesex Constr. Co., supra.*

If these standards are not met in the situation where the employee is injured off the premises or at a time other than during his regular working hours then the "going-and-coming" rule applies and compensation is denied. *Lima* v. *William H. Haskell Mfg. Co., supra.*

In the instant case, petitioner contends that the commission erred in the application of the "going-and-coming" rule and had the *Di Libero* test been applied, it would have found that petitioner's injuries occurred within the period of employment as interpreted by the court in *Montanaro* v. *Guild Metal Prods., Inc.,* 108 R. I. 362, 275 A.2d 634 (1971). With respect to this contention we disagree. The petitioner testified that he would have been available to go on a road job if requested. However, in answer to certain questions by the commissioner, petitioner testified that he punched out at 4 p.m., that he remained in the garage after punching out, that he had no special reason for being there, and that there were no calls for him to go out and work that night.

The trial commissioner found that the pushing incident was between the petitioner and a fellow employee and in no way connected with petitioner's job in the manner under which he had to perform his regular duties as a truck mechanic. He concluded that petitioner's injury did not arise out of and in the course of his employment with respondent, connected therewith and referable thereto. The full commission approved.

The primary question before us is whether there is evidence in the record to support the commission's findings. If there is such evidence we have no authority under the act to weigh it or to determine where the preponderance lies. We examine the record only to see if there is any legal

evidence to support the commission's findings. *Almeida* v. *United States Rubber Co.*, 82 R. I. 264, 107 A.2d 330 (1954).

An examination of the record in this case shows that there is competent evidence to support the commission's findings. We need only point to petitioner's own testimony that he had no special reason for staying in the garage after he punched out at 4 p.m. This testimony is sufficient to show that the injury did not occur in the course of petitioner's employment since it could be concluded that the injury was not within the period of employment at a place where the employee might reasonably have been while fulfilling the duties of employment.

The petitioner has failed to meet the *Di Libero* standards and therefore we conclude that the commission did not err in finding no causal relationship between the petitioner's injury and his employment. In view of this conclusion we do not deem it necessary to discuss or consider the petitioner's other contentions.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

Mr. Justice Doris did not participate.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Adler, Pollock & Sheehan Incorporated, Peter Lawson Kennedy,* for respondent.