395 A.2d 714.

MARY M. KYLE *vs.* DAVOL, INC.

DECEMBER 20, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. This is an original petition for workers' compensation. It is before us on the employee's appeal from a decree of the Workers' Compensation Commission affirming a decree of the trial commissioner which denied and dismissed the petition on the ground that the employee had failed to prove by a fair preponderance of the evidence that the injury sustained arose out of and in the course of her employment.

The facts are not in dispute. On the morning of December 23, 1975, the employee disembarked from a bus at the intersection of Eddy and Point Streets in Providence enroute to her job at Davol, Inc. She crossed Eddy Street and stepped up onto the Point Street sidewalk which was very slippery because of an accumulation of snow and ice. The employee fell on this sidewalk approximately ten feet from the Point Street entrance to Davol. The time was 6:40 a.m., 20 minutes prior to the commencement of her normal working day. The employee's treating physician testified that X rays revealed a bi-malleoli fracture of her right ankle which in his opinion was caused by the fall. He further testified that in his opinion she was totally incapacitated from the date of the injury.

Whether the employee's injury was compensable depends upon the legal effect given to uncontradicted and unimpeached facts. Initially that matter was a question of law for the commission; and its resolution thereof, unlike its determination of factual controversaries, is subject to review on

appeal. *Montanaro* v. *Guild Metal Products, Inc.*, 108 R.I. 362, 364, 275 A.2d 634, 635 (1971); *Boullier* v. *Samsan Co.*, 100 R.I. 676, 679, 219 A.2d 133, 135 (1966).

The commission concluded that the instant case was controlled by our decisions in *Peters* v. *Bristol Manufacturing Corp.*, 94 R.I. 255, 179 A.2d 853 (1962) and *Tromba* v. *Harwood Manufacturing Co.*, 94 R.I. 3, 177 A.2d 186 (1962). The petitioner argues on appeal, however, that this case is factually distinguishable from *Peters* and *Tromba*, or, in the alternative, that we should overrule those precedents.

The petitioner contends that, unlike the situation in *Peters* and *Tromba*, in the instant case there was evidence that the employer had sufficient control over the sidewalk to support a finding that the injury was sustained in the course of the employee's employment. At the hearing before the commissioner evidence was adduced that maintenance men at Davol were regularly assigned to clear the sidewalk of ice and snow. The petitioner buttresses her argument by relying upon municipal ordinances that require the owners and occupiers of buildings abutting upon any street, highway, or public place to remove ice and snow from sidewalks. *Providence Code* §§23-13, -16. We do not find this distinction persuasive. The question of control over the place of injury, rather than being conclusive of compensability, is only one of the facts or circumstances to be considered on the issue of whether an adequate causal relationship existed between the injury and the employee's employment. *Bergeron* v. *Kilnic Co.*, 108 R.I. 313, 317, 274 A.2d 753, 755 (1971). Were we to accept petitioner's argument, we would be constrained to hold that every injury sustained by an employee upon an icy or snowy sidewalk abutting his place of employment is compensable. As has been stated:

> "[W]hile admittedly the employment is the cause of the workman's journey between his home and the factory, it is generally taken for granted that workmen's compensation was not intended to protect him against all

the perils of that journey." 1 Larson, *The Law of Workmen's Compensation* §15.11 at 4-3 (1978).

Additionally, we reject the petitioner's invitation that we reconsider our rule as enunciated in *Peters* and *Tromba*. While we recognize that a number of courts have liberated the "going and coming rule," *see generally Larson, supra* at §15.12, we believe that overruling past precedent in this case would open a veritable Pandora's box that would inevitably lead to the "portal-to-portal" type of rule of compensation espoused by the petitioner's counsel at oral argument. That is a journey upon which we are not prepared to embark.

Accordingly, the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remitted to the Workers' Compensation Commission for further proceedings.