Joao C. BRANCO

v.

LEVITON MANUFACTURING
COMPANY, INC.

No. 84–46–Appeal.

Supreme Court of Rhode Island.

Dec. 9, 1986.

Pamela St. John/Orlando Andreoni, Providence, for petitioner.

Howard L. Feldman, Providence, for respondent.

## OPINION

FAY, Chief Justice.

This is an original petition under the Workers' Compensation Act. It comes to us on the employer's appeal of a Workers' Compensation Commission decree granting the employee compensation benefits. The employee sought compensation for incapacity resulting from being run over by an automobile while making his way into work. The trial commissioner's decree denied and dismissed the employee's petition for compensation. The appellate commission reversed the determination of the trial commissioner and the employer's appeal followed. We affirm the appellate commission's decree.

The facts giving rise to employee's petition are not in dispute. In January 1982 Joao Branco (Branco) was employed as a plater at the Leviton Manufacturing Company (employer) on Jefferson Boulevard in Warwick, Rhode Island. Branco worked the 7:30 a.m. to 4 p.m. shift at the plant facility. He would drive his car to work each morning and park it in a company-owned and controlled lot located across from the plant on the opposite side of Jefferson Boulevard. Although employer owned another lot for employee parking, Branco was specifically directed to park in the lot across the street.

On the morning of January 20, 1982, Branco drove to work and parked his automobile in the assigned lot. At 7:20 a.m. he left his vehicle and proceeded across Jefferson Boulevard to the plant. A little more than halfway across the street, Branco was struck by an automobile traveling in a southerly direction. He was knocked unconscious for a time. Medical records introduced before the trial commissioner indicate that Branco suffered serious injuries to the head and abdominal areas. As a result, he was hospitalized for three months and unable to return to work until August 2, 1982.

The appellate commission, after a careful examination of the record and an independent weighing of the evidence, concluded that Branco had proved by a fair preponderance of the evidence that his injuries were causally connected to his employment. Specifically, the appellate commission found that "the injury resulted from a risk involved in the employment or incident thereto."

The question to be addressed by the court is whether Branco's injuries arose out of and in the course of employment such that he is entitled to compensation. Whether an employee's injury arises out of and in the course of employment is a mixed question of law and fact. *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 399 A.2d 1229 (1979). The appellate commission's findings of fact are conclusive and will not be disturbed by this court so long as they are supported in the record by competent legal evidence. If the facts as found by the appellate commission would lead to but one conclusion, then the question of whether the injury arose out of the employment is one of law and the court is permitted to substitute its judgment for that of the commission. *Gaines v. Senior Citizens Transportation, Inc.,* 471 A.2d 1357, 1358 (R.I.1984); *Bottomley v. Kaiser Aluminum & Chemical Corp.,* 441 A.2d 553, 554–55 (R.I.1982).

The resolution of the instant case depends on our application of the "going-and-coming rule" of workers' compensation. The rule generally operates to deny compensation when injury occurs while the employee is traveling to or from the workplace. It also denies coverage to employees injured on the employer's premises but before commencement or after completion of the fixed work shift. *Lima v. William H. Haskell Manufacturing Co.,* 100 R.I. 312, 215 A.2d 229 (1965). Because of the apparent harshness of this rule, however, we have been willing to find exceptions to the rule depending upon the circumstances of each case. Thus, we have held that the employee is entitled to compensation benefits if it can be demonstrated that a nexus or causal connection exists between the

injury sustained and the employment. *Kyle v. Davol, Inc.*, 121 R.I. 79, 395 A.2d 714 (1978); *Knowlton v. Porter Trucking Co.*, 117 R.I. 28, 362 A.2d 131 (1976); *Bergeron v. Kilnic Co.*, 108 R.I. 313, 274 A.2d 753 (1971); *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. 312, 215 A.2d 229 (1965); *Peters v. Bristol Manufacturing Corp.*, 94 R.I. 255, 179 A.2d 853 (1962); *Tromba v. Harwood Manufacturing Co.*, 94 R.I. 3, 177 A.2d 186 (1962); *Di Libero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939).

In determining whether a sufficient nexus is established, we examine the particular facts and circumstances surrounding the accident in light of three criteria first articulated in *Di Libero, supra*. Initially we inquire whether the injury occurred within the period of the employee's employment. Secondly we examine the situs of the injury to determine whether it occurred at a place where the employee might reasonably have been expected to be. Finally we inquire whether the employee, at the time of injury, was reasonably fulfilling the duties of his job or was performing some task incidental to those duties or to the conditions under which those duties were to be performed. *Pallotta v. Foxon Packaging Corp.*, 477 A.2d 82, 84 (R.I.1984); *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d at 554; *Knowlton v. Porter Trucking Co.*, 117 R.I. at 30, 362 A.2d at 133–34; *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. at 314, 215 A.2d at 230. If the *Di Libero* criteria are met, then the nexus is satisfied; the court will depart from the strict application of the "going-and-coming rule," and the employee will receive compensation benefits.

▮ Applying the three criteria to this case, we conclude that the appellate commission correctly found the existence of a nexus between the injuries and Branco's job. Those injuries, which occurred at about 7:20 a.m., were within his employment period. Although he was not scheduled to begin his work shift until 7:30 a.m., this court has recognized that the period of

employment includes a reasonable period of time both prior and subsequent to the employee's normal hours of work. *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d at 555; *Montanaro v. Guild Metal Products, Inc.*, 108 R.I. 362 at 364, 275 A.2d 634 at 635; *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. at 314, 215 A.2d at 230; *Di Libero v. Middlesex Construction Co.*, 63 R.I. at 515, 9 A.2d at 850, and *DiStante v. United Electric Railways Co.*, 53 R.I. 258 at 260, 165 A. at 772.

The injury also occurred at a place where employer reasonably could expect Branco to be at 7:20 a.m. The employer owned and controlled the parking lot on the opposite side of Jefferson Boulevard. More importantly, employer assigned Branco to park his vehicle on that lot. Clearly it was foreseeable to employer that each and every one of its employees, assigned to that lot and working that shift, would be running the risk of injury on this highway at that morning hour.

Finally, because employer placed Branco in the position of having to negotiate Jefferson Boulevard each work day in order to reach his post, the risk entailed in crossing the highway must be considered a condition incident to his employment.

The employer, in arguing that the injuries are not compensable relies on our prior decisions in *Peters v. Bristol Manufacturing Corp., supra; Tromba v. Harwood Manufacturing Co., supra;* and *Kyle v. Davol, Inc., supra.* We find the *Tromba* and *Kyle* decisions to be factually distinguishable from the present case.

In *Tromba* the employee, on her way to work, slipped and fell while trying to cross the sidewalk just outside the employer's premises. Although we stated that compensability did not depend on the situs of the injury, we nevertheless denied benefits because the employee failed to establish the necessary nexus between her job and the injury. *Tromba*, 94 R.I. at 9, 177 A.2d at 189. *Tromba* is distinguishable from this case in that the employee's use of the sidewalk was not a condition of employ-

ment because the employer did not specifically control the employee's route to work. In the case at bar employer, by directing Branco to park in the lot across the street, made crossing the road a condition of employment.

Likewise in *Kyle,* where the employee also fell on an icy public sidewalk while on her way to work, the employer did not interject itself into controlling the route taken by the employee so as to render the route a condition of employment.

The *Peters* case, on the other hand, is not so factually different from the present situation to render it distinguishable. In *Peters* the employer maintained an employee-parking lot across the street from its plant. An attendant directed plant employees where to park in the lot. The employee, at the close of the workday, was returning to the lot when she slipped and fell on the icy public sidewalk adjacent to the plant. Again this court reiterated that it was improper to base the right to compensation exclusively on the place where the injury occurred.

"[T]he fact that petitioner's injury in the case at bar happened on the public highway is not controlling on the question whether it arose out of and in the course of her employment. The decisive question is whether what she was doing at that time was an incident of such employment. In other words was there a nexus between her going to the parking lot and her employment." *Peters v. Bristol Manufacturing Corp.,* 94 R.I. at 257, 179 A.2d at 854.

We went on to find no nexus in *Peters* between the injury and the employment because we deemed the employee's activity not to be an incident of her employment.

 Our decision today to uphold the appellate commission's decree requires us to overrule the *Peters* case. After carefully reconsidering *Peters* and the circumstances presented in this case, we believe the better-reasoned result is to permit the injured employee to recover compensation benefits under these narrow and particular

set of facts. In other words, we shall extend an exception to the "going-and-coming rule" in those situations in which (1) the employer owns and maintains an employee parking area separate from its plant-facility grounds, (2) the employer takes affirmative action to control the route of the employee by directing the employee to park in that separate area, and (3) the employee is injured while traveling directly from the lot to the plant facility.

Accordingly, the employer's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.