Arlene F. TOOLIN

v.

AQUIDNECK ISLAND MEDICAL
RESOURCE.

No. 94–327–M.P.

Supreme Court of Rhode Island.

Dec. 19, 1995.

---

John Harnett, Providence, for Plaintiff.

Bruce J. Balon and Berndt Anderson, Providence, for Defendant.

## OPINION

MURRAY, Justice.

This matter comes before us on the petition of the employer, Aquidneck Island Medical Resource (Aquidneck), for certiorari. Aquidneck seeks review of a final decree of the Workers' Compensation Court's Appellate Division (Appellate Division) reversing the trial judge's denial of workers' compensation benefits to the employee, Arlene F. Too-

lin (Toolin). We deny the petition for certiorari and affirm the final decree of the Appellate Division.

The facts of the case are not in dispute. In January 1991 Toolin was employed as a nursing assistant for Aquidneck. Her duties involved providing care for patients in their own homes. Toolin received a weekly schedule from Aquidneck which directed her to the location and the time of her assignments. Using her own vehicle, Toolin would then drive directly to each patient's home and assist the patient as needed for the prescribed number of hours. Toolin received an hourly wage for the actual time she spent at each patient's home. She was not paid for travel time, nor was she reimbursed for any travel-related expenses.

On January 9, 1991, Toolin, having worked at the home of a patient in Newport, left the patient's home at approximately 10 a.m. While she was traveling through Portsmouth en route to her next assignment in Tiverton, Toolin was involved in a serious motor-vehicle accident. As a result of the accident, Toolin was rendered totally incapacitated.

Thereafter, Toolin filed a petition for workers' compensation benefits, which petition was denied in January 1993 by a trial judge on the basis that no nexus existed between Toolin's injury and her employment with Aquidneck. Toolin appealed from the trial court's denial of benefits to the Appellate Division which reversed. The Appellate Division opined that Toolin's injuries were compensable since they occurred while Toolin was performing an activity required by her job. The Appellate Division therefore concluded that Toolin's injuries arose out of and in the course of her employment with Aquidneck. In response, Aquidneck filed a petition for the issuance of a writ of certiorari, which was granted by this court on June 10, 1994.

On appeal Aquidneck argues that Toolin's injuries cannot be deemed to have occurred within the period of her employment. It is Aquidneck's contention that the "going-and-coming rule" bars Toolin's claim since her injuries occurred while she was traveling in her own vehicle and because she was not compensated for the period of travel time during which her injuries occurred.

Toolin asserts that there exists a nexus between her injuries and her employment. She avers that the fact that her injuries occurred during travel time, for which she was not paid, does not deem her actions outside the scope of employment. Because Aquidneck directed and controlled her schedule, Toolin avers, the actions occurred within the period of employment.

The facts presented in the instant case present an issue of first impression. Specifically, we must determine whether an employee who is injured while traveling in his or her own vehicle from one job site to another at his or her employer's direction and who is not compensated for travel time or reimbursed for travel expenses is acting within the scope of employment, thereby entitling the employee to workers' compensation benefits.

 We begin our analysis with a review of the going-and-coming rule of workers' compensation. The rule operates to preclude compensation when injury occurs while the employee is traveling to or from the workplace. The rule also denies compensation to employees who are injured while on the employer's premises before commencement or after completion of the employee's shift. *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. 312, 215 A.2d 229 (1965). Because of the harshness of the rule, this court has been willing to delineate exceptions to its application that depend on the particular circumstances of each case. Thus, we have held that an employee is entitled to compensation benefits if it can be demonstrated that a nexus or causal connection exists between the injury sustained and the employment. *Branco v. Leviton Manufacturing Co.*, 518 A.2d 621 (R.I.1986); *Kyle v. Davol, Inc.*, 121 R.I. 79, 395 A.2d 714 (1978); *Knowlton v. Porter Trucking Co.*, 117 R.I. 28, 362 A.2d 131 (1976); *Bergeron v. Kilnic Co.*, 108 R.I. 313, 274 A.2d 753 (1971); *Lima v. William H. Haskell Manufacturing Co.*, 100 R.I. 312, 215 A.2d 229 (1965); *Peters v. Bristol Manufacturing Corp.*, 94 R.I. 255, 179 A.2d 853 (1962); *Tromba v. Harwood Manufacturing Co.*, 94 R.I. 3, 177 A.2d 186

(1962); *Di Libero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939).

In order to determine whether a nexus or causal connection exists between the injury sustained and the employment, we examine the particular facts and circumstances surrounding the accident in light of three criteria first articulated in *Di Libero*. We first inquire whether the injury occurred within the period of the employee's employment. Next, we examine the situs of the injury to determine whether it occurred at a place where the employee might reasonably have been expected to be. Third, we inquire whether the employee was reasonably fulfilling the duties of his or her job at the time of the injury or was performing some task incidental to those conditions under which those duties were to be performed. *Branco*, 518 A.2d at 623 (citing *Pallotta v. Foxon Packaging Corp.*, 477 A.2d 82, 84 (R.I.1984); *Bottomley v. Kaiser Aluminum & Chemical Corp.*, 441 A.2d 553, 554 (R.I.1982); *Knowlton*, 117 R.I. at 30, 362 A.2d at 133–34; *Lima*, 100 R.I. at 314, 215 A.2d at 230). If the *Di Libero* criteria are met and the nexus is established, the court will depart from the strict and harsh application of the "going-and-coming rule" and the employee will be entitled to receive workers' compensation benefits. *Branco*, 518 A.2d at 623.

Applying the foregoing criteria to the instant case, we find a nexus between Toolin's injuries and her employment and therefore find that the going-and-coming rule does not operate to preclude compensation in the instant case. Toolin's injuries, which occurred at approximately 10 a.m., were within her employment period since they occurred while she was traveling from one patient's home to another patient's home at Aquidneck's direction. In respect to the second factor, because Aquidneck specifically directed and controlled Toolin's daily schedule and because Toolin was not deviating from her travel route when she was injured, it is apparent that Toolin's injuries occurred at a place where Aquidneck could reasonably have expected her to be at 10 a.m. Finally, because travel from one patient's home to another was an integral and a necessary part of the employment contract and conferred an added benefit on Aquidneck in pursuing its business, the risk of travel on public roads must be considered a condition incident to Toolin's employment. *Jackson v. Long*, 289 So.2d 205 (La.Ct.App.1974); *see also Benson v. Colorado Compensation Insurance Authority*, 870 P.2d 624, 627 (Colo.Ct.App.1994) (the employee's injuries held within scope of employment when the employee's travel is at express or implied request of the employer or when travel confers benefit on the employer beyond sole fact of the employee's arrival at work); *Whale Communications v. Osborn*, 759 P.2d 848, 848 (Colo.Ct.App.1988) (award of workers' compensation benefits for death of worker killed while driving her own automobile from office to work was proper in circumstances in which the worker was required to use her automobile to meet with clients during the workday); *see generally* 1 A. Larson, *The Law of Workmen's Compensation*, §§ 17.51 and 17.52 (1995).

We are not persuaded by Aquidneck's argument that Toolin is precluded from recovery on the basis that she was not compensated for travel time. Such a factor is only one of several considerations in the determination of whether an injury arises out of and in the course of employment. Although it is generally true that a demonstration that travel time was paid is one of the most reliable ways of making a case for the compensability of a going-and-coming trip and in itself is ordinarily sufficient to support such a finding, the fact that an employee is not paid for his or her travel time does not mean that the trip was not in the scope of employment. 1 A. Larson, at § 16.30; *see Pittsburgh Testing Laboratories v. Kiel*, 130 Ind.App. 598, 167 N.E.2d 604 (1960) (when the use of the employee's vehicle is an integral part of the employment, injuries occurring while taking it to and from work are compensable regardless of whether the employee is reimbursed). Accordingly, in the instant case we find that Toolin's injuries occurred within the scope of her employment with Aquidneck notwithstanding the fact that she was neither paid for travel time nor reimbursed for travel-related expenses.

For these reasons the petition for certiorari is denied, and the writ heretofore issued is

quashed. The final decree of the Appellate Division is affirmed, and the papers of the case may be remanded to the Workers' Compensation Court with our decision endorsed thereon.