Paula RICO

v.

**ALL PHASE ELECTRIC SUPPLY CO.**

**No. 94–543–M.P.**

Supreme Court of Rhode Island.

May 8, 1996.

William Filippo, Providence, for Plaintiff.

Ronald A. Izzo, Michelle Lee White, Providence, for Defendant.

## OPINION

MURRAY, Justice.

This matter comes before us on the petition of the employee, Paula Rico (Rico), for certiorari. Rico seeks review of a final decree of the Workers' Compensation Court's Appellate Division (Appellate Division) reversing a trial judge's award of workers' compensation benefits to her. We grant the petition for certiorari and reverse the final decree of the Appellate Division. The facts of the case insofar as pertinent to this appeal are as follows.

Rico was employed by All Phase Electric Supply Co. (employer or All Phase) as a receptionist. Her duties included those usually associated with those of a receptionist, including doing paperwork and answering the telephone. Rico testified that she typically arrived for work between 7:30 and 8 a.m. On December 6, 1991, she arrived for work at approximately 7:50 a.m. After parking her automobile in her designated space of the employees' parking lot, Rico testified that she fell on a walkway "just outside the door," about fifteen feet from the employees' entrance to the building. According to Rico, it had been snowing that day and the walkway was "icy and wasn't sanded." Rico stated that the employees' parking lot and the walkway upon which she fell were owned and maintained by All Phase; her testimony in this regard was undisputed by All Phase. Upon falling, Rico landed on her back but was able to get up and continue to proceed into the building, where she punched in and reported the incident to the operations manager. As a result of the slip-and-fall incident, Rico sustained injuries to her back, right arm, and left leg.

On February 19, 1992, Rico filed a petition for workers' compensation benefits, which petition was heard by a trial judge on June 30, 1992. Following a hearing, the trial judge determined that Rico's injuries arose out of and in the course of her employment with All Phase. Rejecting All Phase's contention that Rico's injuries were not compensable on the basis of the going-and-coming rule, the trial judge ordered All Phase to pay Rico weekly compensation benefits. A decree containing the trial judge's findings was entered on October 14, 1992.

All Phase appealed the trial judge's award of benefits to the Appellate Division, which reversed. In a written decision the Appellate Division opined that Rico's injuries did not result from a risk associated with or incidental to her employment with All Phase. It therefore determined that Rico was barred from receiving workers' compensation benefits on the basis of the going-and-coming rule. A final decree was entered on September 8, 1994.

Rico filed a petition for certiorari, which was granted by this court on February 2, 1995.

In her instant petition for certiorari Rico contends that the Appellate Division misconstrued, misunderstood, and overlooked material evidence relative to its application of the going-and-coming rule. She argues that a sufficient nexus exists between her injuries and her employment, thereby entitling her to workers' compensation benefits.

The facts of this case require us to review the going-and-coming rule of workers' compensation. As we noted this term in *Toolin v. Aquidneck Island Medical Resource*, 668 A.2d 639 (R.I.1995), "The rule operates to preclude compensation when in-

jury occurs while an employee is traveling to or from the workplace." *Id.* at 640. In *Toolin* we also reiterated the well-settled principle that an employee will be denied compensation for injuries occurring while the employee is "on the employer's premises before commencement or after completion of the employee's shift." *Id.* (citing *Lima v. William H. Haskell Manufacturing Co.,* 100 R.I. 312, 215 A.2d 229 (1965)). "Because of the harshness of the rule, this court has been willing to delineate exceptions to its application that depend on the particular circumstances of each case. Thus, we have held that an employee is entitled to compensation benefits if it can be demonstrated that a nexus or causal connection exists between the injury sustained and the employment." *Id.* at 640–41 citing (*Branco v. Leviton Manufacturing Co.,* 518 A.2d 621 (R.I.1986); *Kyle v. Davol, Inc.,* 121 R.I. 79, 395 A.2d 714 (1978); *Knowlton v. Porter Trucking Co.,* 117 R.I. 28, 362 A.2d 131 (1976); *Bergeron v. Kilnic Co.,* 108 R.I. 313, 274 A.2d 753 (1971); *Lima v. William H. Haskell Manufacturing Co.,* 100 R.I. 312, 215 A.2d 229 (1965); *Peters v. Bristol Manufacturing Corp.,* 94 R.I. 255, 179 A.2d 853 (1962); *Tromba v. Harwood Manufacturing Co.,* 94 R.I. 3, 177 A.2d 186 (1962); *DiLibero v. Middlesex Construction Co.,* 63 R.I. 509, 9 A.2d 848 (1939)).

■ In determining whether a nexus or causal connection exists between the injury sustained and the employment, we examine the particular facts and circumstances surrounding the accident in light of three criteria first articulated by this court in *DiLibero*. We first determine whether the injury arose within the period of the employee's employment. We thereafter evaluate the situs of the injury to determine whether the injury occurred at a place where the employee might reasonably be expected to be present. Third, we inquire whether the employee was reasonably fulfilling the tasks of his or her job at the time of the injury or was performing some task incidental to the conditions under which those tasks were to be performed. *Toolin,* 668 A.2d at 641 (citing *Branco,* 518 A.2d at 623).

■ The three factors for determining whether a nexus exists between the injury

sustained and the employment are satisfied in the instant case. We therefore hold that the going-and-coming rule does not operate to preclude compensation.

In respect to the first factor, Rico testified that she usually arrived for work between 7:30 and 8 a.m. On the day her injuries occurred she arrived for work at approximately 7:50 a.m. We are persuaded that her injuries occurred within a reasonable time before her work began; hence we are of the opinion that her injuries arose within the period of her employment.

In respect to the second factor concerning the situs of the injury, Rico testified that she was injured on a walkway after having parked her car in her designated parking space in the employees' parking lot. According to Rico's testimony, although there was another entrance to the building, All Phase required its employees to utilize a separate employees' entrance. Rico was injured on the walkway as she walked directly from her parked car on her way to the employees' entrance.

According to Rico's uncontroverted testimony, All Phase owned and maintained both the employees' parking lot and the walkway. This evidence, which was undisputed by All Phase, reveals that Rico's injuries occurred while she was on All Phases premises. In this vein we note that in regard to "employees having fixed hours and place of work, injuries occurring on the [employer's] premises while they are going to and from work before or after working hours or at lunchtime are compensable, but if the injury occurs off the premises, it is not compensable, subject to several exceptions." 1 A. Larson, *The Law of Workmen's Compensation,* § 15.00 (1995). Professor Larson notes that there is an important rationale in the premises rule "in that, while the employee is on the employer's premises, the connection with the employment environment is physical and tangible." *Id.,* § 15.12(a) at 4–11. Here, Rico worked fixed hours, had a fixed place of employment, and was injured while on the employer's premises. Although we have held that an employee's right to relief does not always hinge on whether he or she was injured on the employer's premises, *Montana-*

*ro v. Guild Metal Products, Inc.,* 108 R.I. 362, 275 A.2d 634 (1971), in view of all the facts of record, we are persuaded that Rico's injuries occurred at a place where All Phase could reasonably expect her to be at 7:50 a.m.

Finally, in respect to the third and final factor, we are of the opinion that Rico was injured while performing a task incidental to the conditions under which her duties were to be performed. In addressing this factor, All Phase asserts that the facts of this case "are directly on point" with the facts in *Peters v. Bristol Manufacturing Corp.,* 94 R.I. 255, 179 A.2d 853 (1962); *Tromba v. Harwood Manufacturing Co.,* 94 R.I. 3, 177 A.2d 186 (1962); and *Kyle v. Davol, Inc.,* 121 R.I. 79, 395 A.2d 714 (1978). We find that the circumstances in those cases are readily distinguishable from the facts presented in the instant case. In each of those cases the employee was denied workers' compensation benefits after having been injured going to or coming from work while on *public property.* In the instant case the employee was injured while on the employer's premises.

We believe the facts of this case are more akin to those facts presented in *Branco* and *Montanaro.* In *Branco* the employee was injured after having been hit by a car as he attempted to cross a highway while making his way to work. At the employer's direction the employee had parked his car in a lot that was owned and operated by the employer and was located across the highway from the employer's building. In addressing whether the injury resulted from a risk involved in the employment or incident thereto, we extended an exception to the going-and-coming rule "in those situations in which (1) the employer owns and maintains an employee parking area separate from its plant-facility grounds, (2) the employer takes affirmative action to control the route of the employee by directing the employee to park in that separate area, and (3) the employee is injured while traveling directly from the lot to the plant facility." *Branco,* 518 A.2d at 624.

Here, although the parking lot was not located separate from the employer's premises, as existed in *Branco,* the undisputed evidence of record reveals that the parking lot was owned and maintained by All Phase. The evidence also demonstrated that All Phase controlled Rico's route by directing her to park in a designated space in the employees' parking lot and to enter through the employees' entrance. Finally, Rico was injured while walking directly from the employees' parking lot to the employees' entrance of the employer's building. Thus, we conclude that the injuries Rico sustained resulted from a risk created by All Phase which was incidental to her employment and therefore falls within the exception to the going-and-coming rule this court delineated in *Branco.*

Additionally we note that the facts presented in the instant case are essentially indistinguishable from the facts this court considered in *Montanaro.* In that case this court found that the employee suffered a compensable injury after having slipped and fallen on an icy step as she entered her employer's premises. Our analysis in that case focused upon the issue of whether the employee's injuries arose within the period of her employment. We determined that the employee was entitled to compensation notwithstanding the fact that she was injured one hour before her scheduled shift began. In the instant case the employer has set forth no facts or circumstances which would distinguish the nature of Rico's injuries from those which we found were compensable in *Montanaro.*

For these reasons the petition for certiorari is granted. The final decree of the Appellate Division is quashed and the papers of the case are remanded to the Workers' Compensation Court.