William P. McGLOIN

v.

**TRAMMELLCROW SERVICES, INC.**

Nos. 2007–63–M.P.

Supreme Court of Rhode Island.

Feb. 5, 2010.

Gregory L. Boyer, Esq., for Plaintiff.

Thomas R. Bender, Esq., Providence, for Defendant.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

## OPINION

Chief Justice SUTTELL, for the Court.

This case came before the Supreme Court on William P. McGloin's (employee) petition for issuance of a writ of certiorari to review a final decree of the Appellate Division of the Workers' Compensation Court (Appellate Division). The Appellate Division affirmed the decision of a trial judge dismissing Mr. McGloin's petition for workers' compensation on the grounds that his injury was not work-related and did not arise out of or in the course of his employment. For the reasons set forth below, we reverse the final decree of the Appellate Division.

## I

### Facts and Procedural History

Mr. McGloin's original petition for workers' compensation came before the Workers' Compensation Court on June 15, 2005. The trial judge bifurcated the proceedings to determine preliminarily whether employee's injury occurred in the course of his employment with Trammellcrow Services, Inc. (Trammellcrow). The liability portion of the claim was tried before the trial judge on August 4, 2005.

Both parties agreed that employee suffered the injury at issue on the morning of January 6, 2005. At that time, Mr. McGloin was employed by Trammellcrow as a "road technician." In that capacity, employee traveled to various Bank of America facilities in a company-owned cargo van to perform, or arrange to have performed, routine and emergency mainte-

nance. According to Mr. McGloin, "[his] vehicle is [his] office or [his] work space." At the time of his injury, employee had been employed by Trammellcrow for approximately six months, and he had been employed by Trammellcrow's predecessor company in substantially the same capacity for several years. He testified that he was "on call" with Trammellcrow "[t]wenty-four/seven, three hundred sixty-five days a year, unless [he] took vacation or sick time," although his normal working hours were 8 a.m. to 4:30 p.m. Mr. McGloin normally drove his cargo van back to his apartment in Smithfield at the end of the day so he could respond to emergency calls received outside normal working hours.

It snowed several inches overnight on January 5, 2005. The next morning, Mr. McGloin. left his apartment at approximately 7:30 a.m. He proceeded to the private parking lot of his apartment building and cleaned the snow off his company vehicle. The employee had not yet received any specific work orders that day, so he intended to drive to a central location in Providence, where he would be able to respond quickly to any calls concerning snow removal at Bank of America facilities in the greater metropolitan area.

Mr. McGloin testified that, as he was leaving the parking lot at approximately 8:05 a.m., he noticed a snowbound vehicle blocking his exit. He got out of his cargo van to assist the motorist. He testified that his intention at that time was "to get [the other motorist] off and on her way so [he] could jump in [his] vehicle and go about [his] day." According to his testimony, employee "pushed [his] weight up against the vehicle" and "kind of lifted" the bumper. The car was able to drive away, but Mr. McGloin unfortunately "ended up on the ground." As he rose, he felt "[e]xtreme pain" in his lower back.

Mr. McGloin then returned to his apartment and called his partner, his immediate supervisor, and Trammellcrow's human resources department, informing them that he was taking two sick days. He did not mention that his injury was work-related. When his back pain did not abate, he went to see a physician the next week. He testified that at that time he did not consider seeking workers' compensation for his injury. Approximately a month after his injury, Mr. McGloin began receiving short-term disability benefits through his employer. He also applied for similar disability benefits from the state. He testified that "when the short-term disability benefits were all entangled * * * I decided to * * * file a workers' compensation claim." He never returned to work at Trammellcrow.

Jill Santopietro, the human resources manager for Trammellcrow, testified that Mr. McGloin called her on January 11, 2005 to inform her of his injury. She stated that, at that time, she asked him if it was a work-related injury and that he said it was not. She further testified that Trammellcrow had a policy of not paying employees for the first thirty minutes of commuting time.

Michael Fossa, Mr. McGloin's supervisor and operations manager at Trammellcrow, also testified at trial. During a brief direct examination by Trammellcrow's counsel, Mr. Fossa stated that he spoke to employee on January 6, 2005, but that Mr. McGloin did not tell him his injury was work-related. On cross-examination, employee's attorney attempted to elicit testimony from Mr. Fossa concerning whether there was "any provision within the company policy * * * for assisting other motorists in the course of * * * employment" or "any policy within the company of telling employees that they [should] be good citizens within the community and they should help people if they were in trouble during the course of their employment[.]" The trial judge sustained objections to these questions, presumably because they concerned matters outside the scope of direct examination. The employee's counsel made an offer of proof, however, contradictorily asserting that, if the witness had been allowed to answer, he would have testified "that there was no provision for helping; there was a policy they should help people."

■ The trial judge issued her bench decision on September 19, 2005. She stated that the "issue before the Court is whether the employee was injured in the course of his employment." The trial judge noted that, to claim workers' compensation for his injury, employee was required to establish a "nexus or causal relationship between the injury and employment." She went on to apply the three-part test set forth by this Court in the case of *Di Libero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939), and she concluded that employee's injury did not qualify as a work-related injury. She also found that the "going-and-coming rule"[1] applied and that Mr. McGloin's injury therefore was not compensable. The trial judge further noted that employee had failed to prove the existence of a Trammellcrow "Good Samaritan" policy. A decree was entered on September 27, 2005, denying and dismissing employee's claim for failure "to prove by a fair preponderance of the credible evidence that he sustained a work-related injury on January 6, 2005, arising out of

---

1. The going-and-coming rule "operates to preclude compensation when injury occurs while the employee is traveling to or from the workplace." *Toolin v. Aquidneck Island Medical Resource*, 668 A.2d 639, 640 (R.I.1995).

and in the course of his employment * * *."

Mr. McGloin appealed to the Appellate Division on September 28, 2005. The Appellate Division issued its final decree in the case on February 8, 2007, affirming the decision of the trial judge. The Appellate Division agreed that "the particular circumstances of Mr. McGloin's injury clearly warrant the application of the 'going-and-coming' rule which precludes the recovery of workers' compensation benefits." Moreover, the Appellate Division noted that employee also had failed to prove that Trammellcrow had a "Good Samaritan" policy in place for its employees. It further declined to recognize a generalized "Good Samaritan" exception to the going-and-coming rule. It concluded that "the trial judge's findings are not clearly erroneous," and it therefore denied and dismissed Mr. McGloin's appeal.

Mr. McGloin timely filed a petition for writ of certiorari with this Court, and the writ issued on May 9, 2008.

## II

### Standard of Review

 "Upon a petition for certiorari, we review a decree of the Appellate Division for any error of law or equity pursuant to G.L. 1956 § 28–35–30." *Mumma v. Cumberland Farms, Inc.,* 965 A.2d 437, 441 (R.I.2009). Our review on certiorari "is limited to examining the record to determine if an error of law has been committed." *In re Falstaff Brewing Corp. re: Narragansett Brewery Fire,* 637 A.2d 1047, 1049 (R.I.1994). We do not "weigh the evidence, but rather review [ ] the record to determine whether legally competent evidence supports the findings of the tribunal whose decision is under review, in this case, the Appellate Division."

*Poudrier v. Brown University,* 763 A.2d 632, 635 (R.I.2000).

## III

### Discussion

The employee argues that the Appellate Division erred as a matter of law in determining that Mr. McGloin was not in the course of his employment at the time of his injury and that it further "failed to take into account the circumstances and duties of Mr. McGloin's employment and apply them to the specific facts of Mr. McGloin's efforts as a 'Good Samaritan' in the context of the 'coming and going' rule."

The Appellate Division correctly identified and summarized the law that applies to the instant case. Specifically, the Appellate Division noted that our longstanding going-and-coming rule operates to bar compensation for an injury that occurs while an employee is going to or coming from the workplace. *See, e.g., Toolin v. Aquidneck Island Medical Resource,* 668 A.2d 639, 640 (R.I.1995). We note, however, that "[b]ecause of the harshness of the rule, this court has been willing to delineate exceptions to its application that depend on the particular circumstances of each case. Thus, we have held that an employee is entitled to compensation benefits if it can be demonstrated that a nexus or causal connection exists between the injury sustained and the employment." *Id.*

 The Appellate Division correctly recognized that our precedent requires that to establish a causal connection, the employee must "show that the accident took place—[(a) w]ithin the period of employment; [(b) a]t a place where the employee may reasonably be; and [(c) w]hile he is reasonably fulfilling the duties of the employment or doing something incidental thereto." *Di Libero,* 63 R.I. at 516, 9 A.2d

at 851 (internal quotation marks omitted). If these three criteria are met and the nexus is established, "the court will depart from the strict and harsh application of the 'going-and-coming rule' and the employee will be entitled to receive workers' compensation benefits." *Toolin*, 668 A.2d at 641.

■ Considering the *Di Libero* criteria in the context of the instant case, we conclude that the Appellate Division erred as a matter of law in failing to find a nexus between employee's injuries and his employment. The Appellate Division determined that Mr. McGloin's injury did not occur within the period of employment, reasoning that "[t]he fact that the employee had pulled his van out of the parking space did not initiate his work day. He had not yet initiated his journey to work on the public roads." In light of the peculiar circumstances of Mr. McGloin's employment, however, we do not consider the fact that he had not yet entered the public highways to be dispositive.

The uncontroverted facts, as found by the trial judge and affirmed by the Appellate Division, are that Mr. McGloin was on call seven days a week, twenty-four hours per day. Moreover, his primary work space was indeed the van supplied by Trammellcrow. Although he was not responding to a specific call when he backed the van out of its parking space on the morning of January 6, 2005, Mr. McGloin testified that he was headed toward a central location to await such a call. We presume that had he received a call en route, he would have responded immediately. Under these circumstances we conclude that the competent evidence satisfies the first *Di Libero* criterion that employee was injured within the period of his employment. This conclusion is not altered by Ms. Santopietro's testimony that Trammellcrow does not compensate employees for the first half hour of commuting time. This Court has previously held that "the fact that an employee is not paid for his or her travel time does not mean that the trip was not in the scope of employment." *Toolin*, 668 A.2d at 641.

■ Turning to the next element of the *Di Libero* exception, we must consider the situs of employee's injury. For employee to satisfy this factor, the injury must have occurred at a place that Trammellcrow could have reasonably expected Mr. McGloin to be. *Toolin*, 668 A.2d at 641.

In *Toolin*, 668 A.2d at 640, the employee was a nursing assistant who traveled to patients' homes to provide care. She was injured in an automobile accident while traveling between visits. *Id.* This Court ruled that the employer in *Toolin* reasonably could have expected the nursing assistant to be on the public roads at the time of her injury because the employer directed and controlled her schedule and she did not deviate from her travel route. *Id.* at 641. Unlike the employee in *Toolin*, employee was injured in his own apartment complex parking lot, not on the public roads. Mr. McGloin testified at trial, however, that his company cargo van served as his office and contained the tools he needed for his job. The employee also testified that he fielded calls, used his personal digital assistant (PDA) to check work requests, and did paperwork in the cargo van. Moreover, Trammellcrow was aware that Mr. McGloin drove his company vehicle home in the evening and would respond to emergency maintenance calls outside normal working hours as part of his job. In light of the nature of employee's work, it is reasonable that Trammellcrow could have expected Mr. McGloin's employment activities to begin the moment he got into the cargo van—whether on the public roadways or in his own apartment parking lot.

Finally, we must consider whether Mr. McGloin was injured while engaged in his job duties or tasks incidental to his job duties. In *Toolin*, this Court emphasized that travel was integral to the nursing assistant's job (*viz.*, visiting her patients in their homes), and that the risk of travel on public roads was incidental to her employment. *Toolin*, 668 A.2d at 641. Similarly, in the instant case, travel in the company cargo van was an integral part of Mr. McGloin's employment with Trammell-crow. On the morning of his injury, employee had commenced traveling on behalf of his job. He attempted to move the snowbound vehicle in his apartment parking lot in order to continue to a central location in the Providence metropolitan area so he could respond to requests for snow-removal or other emergencies. It was undisputed at trial that travel to job sites was an integral part of Mr. McGloin's employment. We believe that the Appellate Division drew too fine a line in concluding that Mr. McGloin "was performing an activity outside his vehicle which was not an incident of his employment * * *." He was, in fact, attempting to remove a vehicle that was blocking his exit from the parking lot, thereby eliminating an obstacle preventing him from doing his employer's business.

We conclude, therefore, that under the facts of this case and in light of the nature of Mr. McGloin's employment, the circumstances of employee's injury must be considered incidental to his job duties. Having satisfied the three *Di Libero* criteria for establishing a nexus between his injury and his employment, he is entitled to workers' compensation benefits.

Although we disagree with the legal conclusions drawn by the Appellate Division, we share its aversion to the adoption of a "portal-to-portal" rule of compensation. *See Kyle v. Davol, Inc.*, 121 R.I. 79, 82, 395 A.2d 714, 715 (1978) ("[W]e believe that overruling past precedent in this case would open a veritable Pandora's box that would inevitably lead to the 'portal-to-portal' type of rule of compensation espoused by the petitioner's counsel at oral argument. That is a journey upon which we are not prepared to embark."). We emphasize, therefore, that our opinion is predicated upon the unique circumstances of Mr. McGloin's employment in this case. Mr. McGloin did not so much commute to work as he traveled with his office, parking it at his apartment complex so that he could better respond to emergencies twenty-four hours a day. The rule set forth in *Kyle* remains intact.

## IV

### Conclusion

For the reasons set forth in this opinion, we reverse the final decree of the Appellate Division. The papers in this case may be remanded to the Workers' Compensation Court.